UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case Number 04-20049-BC
v.                               Honorable Thomas L. Ludington

BARBARA J. WALLACE (D-3),

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RELEASE
## ON BOND PENDING APPEAL

On May 18, 2007, a jury found Defendant Barbara Jean Wallace guilty of one count of conspiracy to distribute or to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846; three counts of use of the mails to facilitate that conspiracy, in violation of 21 U.S.C. § 843; one count of distribution of or possession of oxycodone with intent to distribute, in violation of 21 U.S.C. § 841; and two counts of perjury, in violation of 21 U.S.C. § 1621. On September 25, 2007, judgment entered against her, including a term of imprisonment. The following day, Defendant filed a notice of appeal.

On May 23, 2008, Defendant filed a motion for release on bond pending her appeal. An attorney identified as Roger Hanson filed this motion, despite the fact that he has not entered an appearance on behalf of Defendant. The docket still reflects that Eric Proschek, who served as Defendant's trial counsel, is her attorney. Both of the filings offered by Mr. Hanson did not conform to E.D. Mich. LR 5.1.1, which requires electronic filing, absent good cause shown.

Setting aside the lack of compliance with procedure exhibited by Mr. Hanson, the Court concludes that oral argument will not aid in the disposition of the motion. The Court has reviewed

the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

> 18 U.S.C. § 3143(b) provides:
>
> Release or detention pending appeal by the defendant.
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [18 U.S.C. § 3142(b) or (c)]; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with [18 U.S.C. § 3142(b) or (c)], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of [18 U.S.C. § 3142] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

This statute creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988) (citation omitted).

Paragraph (b)(2) provides that persons convicted of an offense listed in 18 U.S.C. § 3142(f)(1)(A) - (C) must be detained. 18 U.S.C. § 3142(f)(1)(C) includes offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [21 U.S.C. § 801 *et seq*.]" The maximum sentence for possession of oxycodone with intent to

distribute or distribution of oxycodone, absent circumstances not applicable here, is 20 years. 21 U.S.C. § 841(b)(1)(C). Conviction of a conspiracy toward that end incurs the same penalties. 21 U.S.C. § 846. Consequently, a conviction under 21 U.S.C. § 841, or under 21 U.S.C. § 846 predicated on a violation of § 841, places those offenses among those listed in 18 U.S.C. § 3142(f)(1)(C), because their maximum term of imprisonment exceeds ten years.

Here, Defendant was convicted of distributing or possessing oxycodone with intent to distribute, in violation of 21 U.S.C. § 841 (count V), and of conspiracy to distribute or to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846 (count I). Pursuant to the statutory provisions above, two counts of conviction place Defendant's request for release pending her appeal within the scope of 18 U.S.C. § 3143(b)(2). That is, she must be detained pending appeal, notwithstanding her arguments that she has identified substantial questions of law or fact that, allegedly, are likely to result in reversal of her convictions. Without registering a view on the viability of those arguments, the Court notes that 18 U.S.C. § 3143(b)(2) does not afford discretion on the issue of detention for a certain class of offenses. Defendant was convicted of two such offenses, so the Court must deny her motion for release on bond pending her appeal.

Accordingly, it is **ORDERED** that Defendant's motion for release on bond pending appeal [dkt #134] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 23, 2008.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS